IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANAGRAM INTERNATIONAL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:25-CV-6087-MHC |

## ORDER

This matter comes before the Court on Plaintiff Anagram International, LLC ("Anagram")'s Motion to Lift Seal [Doc. 28], Second Motion to Extend the Temporary Restraining Order ("Second Mot. to Extend TRO") [Doc 30], and Motion to Strike and Reply Brief in Support of Preliminary Injunction ("Mot. to Strike") [Doc. 33].

I.  **BACKGROUND**

On October 24, 2025, Plaintiff Anagram International, LLC ("Anagram"), a manufacturer and supplier of foil balloons, filed a Complaint in the above-styled copyright infringement case against numerous Defendants, all of whom are retailers through various online platforms. See generally Compl. [Doc. 1]. Anagram filed three Motions contemporaneously with the Complaint: (1) Motion for Leave to File under Seal [Doc. 2]; (2) Motion for Temporary Restraining Order ("Mot. for TRO") [Doc. 3]; and (3) Motion for Alternate Service [Doc. 4]. That same day, the Court granted all three Motions [Docs. 8-10]. On November 3, 2025, in response to Anagram's October 31, 2025, Motion for Extension of Time [Doc. 12] in which Anagram represented that it had not yet served Defendants, this Court issued an Order [Doc. 20] extending Anagram's ex parte TRO until November 21, 2025, and setting a preliminary injunction hearing for November 21, 2025, at 10:00 A.M.

On November 18, 2025, Defendant Con Grads filed a Motion for Leave to File Opposition to Motion for Preliminary Injunction ("Con Grads' Mot.") [Doc. 24], requesting leave to file a late opposition to the entry of a preliminary injunction against it. In said Motion, Con Grads represented that it

> did not receive the Complaint, TRO, extension order, Plaintiff's Motion for Preliminary Injunction, or any supporting exhibits until November

2

>14, 2025 (China Standard Time) - the very same day the Court's deadline expired. Prior to that date, the docket remained under seal, and Defendant had no access to any filings or evidence necessary to prepare an Opposition.

Con Grads' Mot. ¶ 1. On November 20, 2025, this Court entered an Order identifying the notice issue, cancelling the scheduled November 21, 2025, hearing, and ordering Anagram to file a report as to the status of service of Defendants in this matter and show cause as to why the case should remain sealed. Nov. 20, 2025, Order [Doc. 25]. In the same Order, the Court granted Con Grads' Motion and indicated that Con Grad's Opposition to Motion for Preliminary Injunction ("Con Grads' Opp'n) [Docs. 24-1, 26] would be considered timely. Id.

That same day, Anagram filed the Motion to Lift Seal in which it indicated that Anagram had previously served some Defendants on November 13, 2025, and had served all remaining Defendants that day, therefore removing the need for the case to remain sealed. Mot. to Lift Seal at 2. Anagram also filed the Second Motion to Extend TRO in which it requested that this Court extend the TRO until a hearing is held on the entry on a preliminary injunction. Mot. to Extend TRO at 2. On November 21, 2025, Anagram filed the Motion to Strike and Reply Brief in Support of Preliminary Injunction ("Mot. to Strike") [Doc. 33] seeking to strike Defendant Con Grads' Opposition on the basis that it was filed on behalf of an unrepresented business entity. Mot. to Strike at 3-4. On November 26, 2025,

3

Anagram filed a Status Report [Doc. 36] in compliance with this Court's November 20, 2025, Order in which it represented that all Defendants had been served as of November 20, 2025, and there is no need for the case to remain under seal.

## II.   MOTION TO LIFT SEAL

Because Anagram has represented that all Defendants have now been served, this case need not remain under seal. Accordingly, Anagram's Motion to Lift Seal is **GRANTED**.

## III.   SECOND EX PARTE MOTION TO EXTEND TRO

In its Second Motion to Extend TRO, Anagram asks that the Court extend the TRO beyond twenty-eight (28) days until another preliminary injunction hearing can take place. Second Mot. to Extend TRO at 1. Anagram argues the extension is necessary "because without an injunction in place Defendants, who have all now been given notice of these proceedings, are likely to move their funds outside of the jurisdiction of the Court." Id.

However, Federal Rule of Civil Procedure 65(b) only permits an extension of a TRO, designated as such, for a maximum of 28 days. "[A] TRO that is continued beyond the time permissible under Rule 65 should be treated as a preliminary injunction." Levine v. Comcoa, 70 F.3d 1191, 1193 (11th Cir. 1995)

4

(citing Sampson v. Murray, 415 U.S. 61, 87 (1974)). "For a TRO to be viable beyond the 28-day mark as a preliminary injunction, the order must comport with the formal requirements for a preliminary injunction." Jetchill Ltd. v. Shenzhen Jiarui Minghui Trading Co., No. 1:25-CV-23377-DSL, 2025 WL 2962075, at *4 (S.D. Fla. Oct. 13, 2025), R&R adopted sub nom. Jetchill Ltd. v. Shenzhen Jiarui Minghui Trading Co., Ltd, No. 1:25-CV-23377, 2025 WL 2966039 (S.D. Fla. Oct. 21, 2025) (citation omitted).

The TRO in this case has already been in place for 28 days and expired on November 21, 2025. See October 24, 2025, Order [Doc. 9] (granting an extension for the TRO); November 3, 2025, Order [Doc. 20] (providing that the TRO was in place between October 24, 2025, and November 21, 2025). The Court therefore may not extend the TRO again, which would essentially convert it into preliminary injunction, without providing Defendants a full and fair opportunity to object. Accordingly, Plaintiff Anagram International, LLC's Second Ex Parte Motion to Extend TRO [Doc. 30] is **DENIED**.

## IV.   MOTION TO STRIKE

Anagram's Motion to Strike argues that Con Grads' Opposition, which this Court previously indicated would be considered timely filed, should be struck as an impermissible pro se filing on behalf of a corporation. Mot. to Strike at 3-4.

5

Artificial business entities may not appear in federal court without licensed counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (explaining that "a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). This Court's Local Rules also require that a corporation or other organization be represented by an attorney. LR 83.1(E)(2)(b)(H), NDGa. ("If the client is a corporation or organization, it may only be represented by an attorney, who must sign all pleadings and papers submitted to the Court; a corporate officer may not represent the client unless that officer is admitted to the bar of this Court . . . or has been admitted *pro hac vice* in the case . . . ."). Con Grads' Opposition appears to have been submitted on behalf of a corporate entity but purportedly pro se rather than through licensed counsel. See, e.g., Con Grads' Opp'n at 8 (signed "Junying Lu (CON GRADS OWNER)" but identifying himself as a "Pro Se Defendant"). Therefore, Anagram's Motion to Strike is **GRANTED**, and Defendant Con Grads' Opposition is **STRICKEN**.[1] See Nerestant v. ASN Faith Corp., No. 18-22810-CIV, 2018 WL 11466501, at *1 (S.D. Fla. Nov. 29, 2018) ("Because corporations

---

[1] The Court notes that Defendant Con Grads may still file an opposition to the entry of a preliminary injunction in this case subject to the deadlines in this Order, provided Con Grads obtains licensed counsel to represent it.

6

cannot appear *pro se*, the Court must strike any pleading submitted by a *pro se* corporate Defendant.").

## V.  CONCLUSION

Because Anagram represents that all Defendants have been served, it is appropriate to reschedule the preliminary injunction hearing. A hearing is set before this Court in the United States Courthouse located at 75 Ted Turner Drive SW, Atlanta, Georgia, 30303, Courtroom 1905, on **Tuesday, December 30, 2025**, at **10:00 A.M.**, at which time the Court will hear argument on Plaintiff's requested preliminary injunction. Any Defendant and/or any other affected persons may challenge the appropriateness of a preliminary injunction.

Any written response or opposition to Plaintiff's request for a preliminary injunction must be served on Plaintiff's counsel by **Tuesday, December 23, 2025**, and filed with the Court, along with Proof of Service. Plaintiff shall file any reply memorandum no later than **Monday, December 29, 2025**. Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 17 U.S.C. § 502, Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1651(a), and the Court's inherent authority.

It is hereby **ORDERED** that Plaintiff Anagram International, LLC's Motion to Lift Seal [Doc. 28] is **GRANTED**. The seal previously imposed pursuant to this Court's Order Granting Plaintiff's Motion for Leave to File Under Seal [Doc. 8] is hereby **LIFTED**, and all judicial records shall be made publicly available.

It is further **ORDERED** that Plaintiff Anagram International, LLC's Second Ex Parte Motion to Extend TRO [Doc. 30] is **DENIED**.

It is further **ORDERED** that Plaintiff Anagram International, LLC's Motion to Strike and Reply Brief in Support of Preliminary Injunction [Doc. 33] is **GRANTED**. Defendant Con Grads' Opposition to Motion for Preliminary Injunction [Doc. 26] is **STRICKEN**.

It is further **ORDERED** that Defendant TongMall's Motion for Clarification Regarding the Status of the Temporary Restraining Order and Request for Notice to Third-Party Platforms [Doc. 38] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to send a copy of this Order to Defendant Con Grads via the email address (dearxj@126.com) provided in its Motion for Leave to File Late Opposition to Motion for Preliminary Injunction [Doc. 24].

**IT IS SO ORDERED** this 15th day of December, 2025.

MARK H. COHEN
United States District Judge